## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Twin B Auto Parts, Inc.

v.

Franklyn L. Stanfield

November 14, 1986

Case No. (Chancery) C86-2467

By JUDGE AUSTIN E. OWEN

This matter was before the Court on November 13, 1986, upon petitioner's Motion to Quash the subpoena served on Craver, Greene and Company, and upon petitioner's Motion for a Protective Order relating to respondent's request for Production of Documents.

After hearing the arguments of counsel, the Court took the matters under advisement.

With respect to the Motion to Quash, the Court notes the contention that the subpoena is overly broad. Whether the same is overly broad in its time period (date of inception of Twin B to March 31, 1986) is virtually impossible to determine as no pleading or other writing in the file and nothing in the oral argument of counsel establishes the date of inception of Twin B. The petition relates that Twin B is the surviving corporation of a merger effective at June 30, 1986, but provides no other information concerning the formation of the corporation. The Answer, by reference to a financial statement of August, 1985, indicates corporate existence prior to that date but nothing more.

Without, therefore, deciding whether the time period is overly broad, the Court finds that the Motion to Quash should be granted because the subpoena is overly broad and burdensome to the non-party to whom it is directed. It undertakes to place upon the non-party the burden of determining the *date of inception* of Twin B, and the burden of determining what is meant by the words *its affiliates*; it calls for production of income tax returns of persons who are not parties to this cause; it calls for opinion of the non-party concerning what records fall into a category representing officers' compensation, or fall into a category representing summaries of leases.

With respect to the Motion for a Protective Order, it is noted that this is a proceeding to determine the fair value of stock as of a date in April, 1986. The request for production calls for production of documents in a number of broad categories from the date of inception of Twin B or of an affiliate until March 31, 1986.

Again, the date of inception of Twin B is a time unknown to the Court as is the date of inception of affiliates. It is noted that documents of affiliates are requested for periods that may antedate by many years the date of affiliation; and as to any individual, "affiliates" would cover their entire life span.

Moreover, requests numbered 8 and 11 call for discovery as to "facts known and opinions held by experts." Rule 4:1(b)(4) of the Rules of the Supreme Court of Virginia clearly provide that such information "may be obtained only" as therein provided.

The Court will treat the *Motion for a Protective Order* as objections stated to the requests set forth in paragraphs numbered 2 through 11, inclusive, of the Request for Production of Documents, and sustains those objections on the basis that they are overly broad; and as to numbers 8 and 11 that they also do not constitute permissible discovery of facts known and opinions held by experts.

Petitioner should respond to requests numbered 1 and 12 promptly and in any event on or before December 1, 1986.